IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy Lee Valentine, #198972, ) | |
| ) | C.A. No. 4:06-638-HMH-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Ervin Brewster, Detective, (Sued in His ) | |
| Individual Capacity), ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.[1] Randy Lee Valentine ("Valentine"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Rogers found that Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), bars Valentine from proceeding with the instant § 1983 action and recommended dismissing Valentine's action without prejudice and without issuance and service of process. Valentine filed an objection to the Report and Recommendation on May 22, 2006. For the reasons stated below, the court adopts the Report and Recommendation and dismisses Valentine's action without prejudice and without issuance and service of process.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In his complaint, Valentine alleges three claims. First, Valentine alleges that Detective Ervin Brewster ("Brewster") "conveyed false information To The Judicial officer To get a warrant against The Plaintiff for drugs/Dist. Heroin, Thus violating Plaintiff [sic] 4th Amend. Rights To The U.S. Constitution," which Valentine construes as a claim for false arrest ("False Arrest claim"). (Compl. 5.) Second, Valentine alleges that Brewster "made a Conscience [sic] decision To fabricate and swear out [a] warrant . . . knowing There was No probable Cause to Support The Charge which is malicious prosecution" ("Malicious Prosecution claim"). (Id. 6.) Finally, Valentine alleges that Brewster's actions of knowingly "creat[ing] intentional falsehood without need or provocation causing The Plaintiff to be falsely arrested" renders Brewster liable in gross negligence under South Carolina law ("Negligence claim"). (Id. 6.) Valentine seeks monetary damages for the three claims. (Id. 8.)

Valentine is serving a sentence which resulted from the arrest and prosecution he now attacks. Accordingly, Magistrate Judge Rogers found that Heck bars Valentine from proceeding on either the False Arrest or Malicious Prosecution claims, and that without those claims, this court would lack supplemental jurisdiction to consider Valentine's state law Negligence claim. (Report and Recommendation 4-5.)

**II. DISCUSSION OF THE LAW**

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that Valentine has raised one specific objection. Valentine argues that Heck does not bar the False Arrest claim.

Under Heck, "in order to recover damages [under § 1983] for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," Valentine must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "It is only when . . . the logical application of the § 1983 judgment would not *necessarily invalidate* the underlying conviction that the § 1983 case can proceed." Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003)

There is no allegation that Valentine's sentence has been invalidated. Rather, Valentine contends that Heck permits him to proceed on his False Arrest claim because the United States Supreme Court in Heck stated that "[i]f there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." 512 U.S. at 484. Valentine's argument is without merit.

3

Although Valentine construes his first claim as one for False Arrest, it is ultimately a claim for malicious prosecution.[2]  "[A] claim for false arrest may be considered only when no arrest warrant has been obtained." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998).  "At common law, allegations that a warrantless arrest or imprisonment was not supported by probable cause advanced a claim of false arrest or imprisonment . . . .  However, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for a period after legal process issued, are analogous to the common-law tort of malicious prosecution." Id.

Valentine alleges that he was arrested pursuant to an arrest warrant, but that warrant was unsupported by probable cause.  Valentine does not allege that the warrant was facially invalid, but that Brewster lied to obtain the warrant.  Hence, despite Valentine's designation of his first claim as one for false arrest, no "false arrest" could have occurred because a facially valid arrest warrant was issued. Id.  Because Valentine's False Arrest claim is actually for malicious prosecution, Heck bars the claim unless Valentine "allege[s] and prove[s] a termination of the criminal proceedings" in his favor. Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996); Heck, 512 U.S. at 486-87.  Therefore, Valentine's objection is without merit.  After a thorough review of the Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

---

[2] Valentine specifically conceded that, under Heck, "the [M]alicious [P]rosecution [claim] must be dismissed." (Objections 3.)

Therefore, it is

**ORDERED** that Valentine's action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
May 25, 2006

**NOTICE OF RIGHT TO APPEAL**

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.